J-S46029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MELESCHUCK | : | |
| | : | |
| Appellant | : | No. 408 EDA 2020 |

Appeal from the PCRA Order Entered January 6, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000865-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED:  JANUARY 29, 2021**

Appellant, William Meleschuck, appeals from the January 6, 2020 order entered at trial court docket number CP-39-CR-0000865-2017, in the Lehigh County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

The record reveals that at trial court docket number CP-39-CR-0000865-2017, Appellant entered a negotiated guilty plea to one count of burglary under 18 Pa.C.S. § 3502(a)(1) and fourteen negotiated pleas of *nolo contendere* to burglary pursuant to 18 Pa.C.S. § 3502(a)(2).  N.T., Guilty Plea Colloquy, 9/7/17, at 2, 14-15.  At that same hearing, Appellant entered one additional guilty plea to a single count of burglary at trial court docket number CP-39-CR-0003037-2016.  ***Id.***

On October 19, 2017, the trial court imposed a negotiated aggregate sentence of fifteen to forty years of incarceration, wherein some sentences at docket CP-39-CR-0000865-2017 were ordered to run consecutively to the lone sentence imposed at docket CP-39-CR-0003037-2016.[1]  N.T., Sentencing, 10/19/17, at 7-8.  For clarification, however, the instant appeal concerns only the fifteen counts of burglary at trial court docket number CP-39-CR-0000865-2017, and issues related thereto.  The aggregate sentence at CP-39-CR-0000865-2017 was eleven to thirty years of incarceration.  N.T., Sentencing, 10/19/17, at 8.[2]  Appellant did not file a direct appeal.

Appellant filed a timely PCRA petition on October 10, 2018, and on October 16, 2018, the PCRA court appointed Alfred Stirba, Esquire, to represent Appellant.  Appellant subsequently filed a motion for new counsel in which he alleged that Attorney Stirba had a conflict of interest.  On October 30, 2018, the PCRA court granted Appellant's motion for new counsel and appointed Gregory Spang, Esquire, to represent Appellant.  However, on

_____

[1] Thus, the PCRA court correctly states that Appellant plead guilty or *nolo contendere* to **sixteen** counts of burglary.  PCRA Court Opinion, 3/4/20, at 1. There were fifteen counts at docket CP-39-CR-0000865-2017, and one count at docket CP-39-CR-0003037-2016.  N.T., Guilty Plea Colloquy, 9/7/17, at 2, 14-15; N.T., Sentencing, 10/19/17, at 7-8.

[2] Because the trial court ordered some of the sentences at CP-39-CR-0000865-2017 and CP-39-CR-0003037-2016 to run consecutively, the aggregate sentence, when considering both docket numbers, is fifteen to forty years of incarceration.  N.T., Sentencing, 10/19/17, at 7-8; PCRA Court Opinion, 3/4/20, at 1.

December 17, 2018, Attorney Spang filed a **Turner/Finley**[3] "no-merit letter" and motion to withdraw. The PCRA court granted Attorney Spang's motion to withdraw that same day.

On January 11, 2019, Appellant filed a *pro se* motion to file an amended PCRA petition. The PCRA granted Appellant's motion and directed Appellant to file his amended PCRA petition on or before May 20, 2019. Order, 1/15/19. On May 14, 2019, Appellant complied and filed a *pro se* amended PCRA Petition. The PCRA court held a hearing on September 5, 2019.

On January 6, 2020, the PCRA court denied Appellant's PCRA petition, and Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant alleges that the PCRA court committed multiple errors of law, and he assails trial counsel's effectiveness. Appellant's Brief at XI–XII.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

With respect to Appellant's claims that counsel was ineffective, we note:

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (enumerating the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

**Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011). With regard to the second, reasonable-basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). "A chosen strategy will not be found to have lacked a reasonable basis unless it is proven that 'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Reed**, 42 A.3d 314, 319 (Pa. Super. 2012).

We have reviewed the briefs of the parties, the relevant law, the certified record on appeal, and the opinion of the PCRA court addressing Appellant's issues on appeal. It is our determination that the PCRA court's March 4, 2020 opinion accurately addressed the issues and properly concluded that Appellant

is entitled to no relief.  Accordingly, we affirm on the basis of the PCRA court's opinion and adopt its reasoning as our own.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21

---

[4] The parties are directed to attach a copy of the March 4, 2020 opinion in the event of further proceedings in this matter.

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
    )
    vs.    ·    )    Case No.    0865/2017
    )
WILLIAM MELESCHUCK,    )
    Defendant    )

\*\*\*\*\*\*\*\*\*\*\*\*

APPEARANCES:

    ROBERT SCHOPF, ESQUIRE
    SENIOR DEPUTY DISTRICT ATTORNEY
    On behalf of the Commonwealth

\*\*\*\*\*\*\*\*\*\*\*\* ·

## OPINION

MARIA L. DANTOS, J.

Defendant, William Meleschuk, filed an appeal on January 17, 2020 following the denial of his Post Conviction Collateral Relief (PCRA) filed on October 10, 2018.

The relevant facts are as follows: on September 7, 2017, the Defendant plead guilty or nolo contendere to sixteen (16) counts of burglary 3502 (a)(1) and 3502 (a)(2) in exchange for a fixed minimum sentence fifteen (15) years in a state correctional facility. On October 19, 2017, the Defendant was sentenced to an aggregate of not less than fifteen (15) years, nor more than forty (40) years in a state correctional facility. The sentence imposed complied with the terms of the negotiated plea agreement.

After the Defendant filed his PCRA, Alfred Stirba, Esq. was appointed to represent the Defendant in this matter. Defendant thereafter filed a "Motion for New Counsel" on October 30, 2018. This Court then appointed Gregory Spang, Esq. to

represent the Defendant in this matter on that same day. After a thorough review of the case, Attorney Spang filed a no-merit letter under the authority of <u>Commonwealth v. Finley</u>, 481 U.S. 551 (1987) and <u>Commonwealth v. Turner</u>, 518 Pa. 491, 544 A.2d 927 (1988), along with a Motion to Withdraw from Representation on December 17, 2018. This Court granted Attorney Spang's Motion to Withdraw on that same day. This Court also ordered Attorney Spang and Attorney Rapa (Defendant's trial counsel) to turn over their files on the case to the Defendant so that he could proceed pro se on that same day. The Defendant filed an Amended Petition on May 14, 2019. An evidentiary hearing relative to the Defendant's PCRA (PCRA hearing) was conducted before this Court on September 5, 2019.

In his brief in support of his Petition for Post Conviction Collateral Relief, the Defendant raised the following issues:

1. Counsel was ineffective for failing to file a suppression motions based on the illegal seizure of the Defendant and his passenger following a traffic stop without reasonable suspicion or probable cause.

2. Counsel was ineffective for failing to file a motion to suppress the evidence found inside of the Defendant's vehicle based on an illegal seizure.

3. Counsel was ineffective for failing to challenge the validity of the search warrants for the Defendant's vehicle and his cellular phone.

4. Counsel was ineffective for failing to file a change of venue motion all affected counties consented to consolidating the sixteen (16) counts of Burglary in Lehigh County.

5. Counsel was ineffective for advising the Defendant to plead guilty without investigating a Commonwealth witness, and co-defendant Joseph Blose, with due diligence and attempting to bar his testimony.

6. Counsel was ineffective for failing to withdraw Defendant's guilty plea when the prosecutor failed to inform the courts that his plea was linked to his brother's plea.

The Defendant raises two additional issues for consideration on Appeal:

1. The PCRA court erred by allowing PCRA Counsel to withdraw despite the Defendant having issues of arguable merit.
2. Whether the trial court erred by dismissing the Defendant's PCRA petition.

### Findings of Fact

From the hearing and a review of the record, this Court made the following findings of fact: Matthew Rapa, Esquire, a criminal defense attorney, who serves as conflicts counsel for Lehigh County, was appointed to represent the Defendant in the above-captioned case.

In the course of his representation of the Defendant, Attorney Rapa met with the Defendant at the Lehigh County Jail five to ten times for pre-trial preparation. Attorney Rappa reviewed two binders of discovery with the Defendant, and they discussed possible defenses and pleas.

Attorney Rapa filed a Motion to Suppress evidence found in the Defendant's vehicle and a Writ of Habeas Corpus on behalf of the Defendant on May 12, 2017. A hearing was held on the aforementioned motions on May 22, 2017. At that hearing, Attorney Rapa thoroughly cross-examined all three troopers called to testify by the Commonwealth. However, this court denied the Defendant's Motion to Suppress and Writ of Habeas Corpus on June 15, 2017.

Seeing that evidence could not be suppressed in this case, Attorney Rapa then negotiated a plea agreement with the Commonwealth that the Defendant wished to

accept. (N.T. 9/7/17 p. 7). The Defendant entered his guilty plea on September 7, 2017. This Court conducted an extensive verbal colloquy with the Defendant at the time of his guilty plea. During the Defendant's verbal plea colloquy, the Defendant, while under oath, acknowledged the terms of his plea agreement (N.T. 9/7/17 pp. 5-6); denied having any drugs, alcohol, or other medication that would affect his ability to know what he was doing (N.T. 9/7/17 pp. 4-5); stated that he understood that he did not have to give up his rights, and could proceed to trial (N.T. 9/7/17 p. 6); affirmed that it was his desire to enter the guilty plea (N.T. 9/7/17 p. 6); posed no questions to the judge (N.T. 9/7/17 p. 7); articulated that no one was forcing or threatening him to plead guilty (N.T. 9/7/17 p. 7); testified that no promises were made to him other than the plea agreement (N.T. 9/7/17 p. 7); and expressly indicated on the record that he was satisfied with his attorney (N.T. 9/7/17 p. 7).

Additionally, this Court asked the Defendant if he understood the difference between a guilty plea and a plea of nolo contendere. The Defendant stated that he did. Further, the Court explained that the standard for a nolo contendere plea is that "you agree that if those facts were believed by a jury that you could be convicted of that charge?" (N.T. 9/7/2017 p. 5).

This Court sentenced the Defendant on October 19, 2017. At the sentencing hearing, Attorney Rappa presented mitigating information that was contained in the pre-sentence investigation report. He also allowed the Defendant time to speak to the Court. (N.T. 10/19/17 pp. 3-5). The Defendant ultimately received an aggregate sentence of not less than fifteen (15) years, nor more than forty (40) years in a state correctional facility, as per the plea agreement. Additionally, the Defendant was not made RRRI eligible. (N.T. 10/19/17 pp. 8-9).

## Discussion and Analysis

## I.     Ineffective Assistance of Counsel

All of the issues raised by the Defendant concern ineffective assistance of counsel. There is a two-part standard to prove ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced that defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Com. v. Pierce, 527 A.2d 973, 975 (Pa. 1987) (citing Strickland v. Washington, 466 U.S. 688, 687 (1984)).

In making the determination of whether counsel was ineffective "[o]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." Com v. Pierce, 527 A.2d at 975 (citing Commonwealth ex rel. Washington v. Maroney, 235 A.2d 349, 352-353 (Pa. 1967)).

### A. Deficient Performance

Issues 1-3: Counsel was Ineffective for Failing to File Various Suppression Motions

The Defendant's first three issues concern Attorney Rapa being ineffective for failure to file certain suppression motions. At the hearing on the Defendant's PCRA, Attorney Rapa testified that he filed a Pre-Trial Motion to Suppress and a Motion for Habeas Corpus that he believed had merit. Upon viewing the MVR from the patrol vehicle of the traffic stop that ultimately led to the Defendant's arrest, Attorney Rapa believed that the stop sign that the Defendant failed to stop at was not visible on video. Attorney Rapa testified that he advocated for the Defendant at the Pre-Trial Motion Hearing. However, he believes that the motions were denied due to the officers' credibility.

As to the motions proposed by the Defendant, Attorney Rapa did not believe that those motions had merit. Attorney Rapa, through his experience, believed that the officers had reasonable suspicion to detain the defendant for the short period of time that they did. Additionally, he believed that the seizure of the vehicle and the search warrant were highly unlikely to be suppressed. Finally, Attorney Rapa did not think that filing superfluous motions was a good litigation strategy. He believed that the extensive motions would distract the Court from the Defendant's best arguments.

In the case at bar, the Defendant's claim of ineffective assistance of counsel fails on the first part of the Strickland test. Attorney Rapa's performance was not deficient because he had a reasonable basis designed to effectuate his client's interests in not filing the Defendant's suggested motions. Attorney Rapa, who has been a practicing attorney for eleven years, determined that in his professional judgement, the Defendant's suggested motions were meritless. After making that determination, he decided that bringing those motions would hurt the Defendant's case by distracting from the arguments that he believed had merit. Therefore, it is clear that the decisions made by Attorney Rapa were reasonable and that his intent was to benefit

his client, the Defendant. Therefore, the Defendant has failed to prove that Attorney Rapa's performance was deficient in failing to file his suggested motions.

### Issue 4: Attorney Rapa was Ineffective for Failing to File a Change of Venue Motion

In the Defendant's fourth issue, the Defendant claims that Attorney Rapa was ineffective for failing to file a change of venue motion, as all affected counties consented to consolidating the sixteen (16) counts of Burglary to be charged in Lehigh County. At the PCRA hearing, Attorney Rapa explained that the burglaries took place in a variety of counties, with the majority occurring in Lehigh County. However, the District Attorney's office was able to provide Attorney Rapa with McPhail Letters from the other involved counties, which gave Lehigh County jurisdiction to join and prosecute all of the charges against the Defendant. Attorney Rapa went on to explain that it is common practice for a single county to handle all related cases against a single defendant. Attorney Rapa believed the joining of the cases in Lehigh County to be proper, as Lehigh County had subject matter jurisdiction. Further, there was no prejudice to the Defendant, as a majority of the crimes took place in Lehigh County. Attorney Rapa also stated that he believed that it would have been detrimental to the Defendant to face charges in multiple counties because the sentences may have run consecutive to one another.

Under the venue portion of Pa. Const. Article I, Section 9, "there is no constitutional deprivation occasioned by joining all charges stemming from a single criminal episode for trial in one county despite the fact that some of the charges arose in a different county." Com. v. McPhail, 692 A.2d 139, 145 (Pa. 1997).

Therefore, in returning to the standard for ineffective assistance of counsel, the Defendant's argument would again fail the first part of the Strickland test. Attorney

Rapa was not defective in failing to file a motion for a change of venue. Even if there was a question of the constitutional permissibility of consolidating the Defendant's related cases in Lehigh County, Attorney Rapa reasonably believed that the Defendant facing charges in multiple counties would be detrimental to the Defendant. Therefore, because Attorney Rapa had a reasonable basis for not filing the motion, the Defendant failed to prove ineffective assistance of counsel on this issue.

### Issue 5: Attorney Rapa was Ineffective for Advising Defendant to Plead Guilty without a Thorough Investigation of a Commonwealth Witness

In his fifth issue, the Defendant claims that counsel was ineffective for advising the Defendant to plead guilty without investigating a Commonwealth witness, Joseph Blose, with due diligence and attempting to bar his testimony. At the PCRA hearing, Attorney Rapa testified that he and the Defendant talked about how Joseph Blose, a co-defendant, could be a witness at trial. Although Attorney Rapa did not anticipate Blose being a credible witness, he knew that the Commonwealth could corroborate Blose's testimony through other evidence. With that in mind, it was Attorney Rapa's professional opinion that the evidence was against the Defendant. Therefore, Attorney Rapa advised the Defendant to plead guilty.

The Defendant's fifth claim also fails the first part of the Strickland test for ineffective assistance of counsel. Attorney Rapa was given access to extensive discovery in the Defendant's case, and he reviewed that discovery with the Defendant. Therefore, Attorney Rapa and the Defendant were both aware of the evidence against the Defendant. Attorney Rapa reasonably believed that even without Blose's testimony, the Commonwealth could still prove the charges against the Defendant. Therefore, Attorney Rapa was not deficient in failing to attempt to bar Blose's

testimony before advising the Defendant to plead guilty, and therefore was not ineffective.

### Issue 6: Attorney Rapa was Ineffective for Failing to Withdraw Defendant's Guilty Plea

In the last issue, the Defendant claims that counsel was ineffective for failing to withdraw Defendant's guilty plea when the prosecutor failed to inform the courts that his plea was linked to his brother's plea. At the PCRA hearing, Attorney Rapa testified that the Defendant did not ask him to withdraw his guilty plea within the required thirty (30) days. As to the "linked" plea agreement, the Defendant only briefly spoke about this issue during his argument at the PCRA hearing, and did not question Attorney Rapa about the issue.

This issue also fails the first part of the test for ineffective assistance of counsel, as the Defendant did not request that his attorney to withdraw his guilty plea before the deadline to do so. Therefore, Attorney Rapa had no indication that the Defendant would have wanted to withdraw his guilty plea within the allowable time. Therefore, it is very reasonable that Attorney Rapa did not attempt to withdraw the Defendant's guilty plea, and he was not deficient for failing to do so.

## B. Prejudice to Defense

However, even if this Court found that Attorney Rapa was deficient for any of the above-raised issues, the Defendant's claim of ineffective assistance of counsel must still fail based on the second part of the Strickland test that counsel's deficient performance prejudiced the Defendant. Because the Defendant did not go to trial, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea." Com. v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002) (citing Commonwealth v. Allen, 732 A.2d 582 (Pa. 1999)). Additionally, "where the defendant enters his plea on the advice of counsel, 'the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"" Hickman, 799 A.2d at 141; Hill v. Lockhart, 474 U.S. 52, (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Attorney Rapa thoroughly and carefully reviewed this case and worked with the Defendant to reach the best possible resolution for him. At the PCRA hearing, Attorney Rapa explained that if the Defendant had gone to trial on all of the sixteen counts of burglary charged, his maximum could have been 160-320 years in prison. Attorney Rapa filed motions that he believed the Defendant could reasonably prevail on. When the motions were denied, Attorney Rapa reasonably believed that it was not in the Defendant's best interest to go to trial on sixteen counts of burglary. It was at this point that Attorney Rapa advised the Defendant to plead guilty. Therefore, Attorney Rapa acted within the range of competence demanded of attorneys in criminal cases while acting as counsel for the Defendant in this case.

Additionally, after the aforementioned extensive colloquy at the Guilty Plea Hearing, the Court found the Defendant's plea to be knowing and voluntary. Therefore, the Defendant cannot prove that he was prejudicially subjected to an unfavorable outcome, as he made the voluntary decision to plead guilty.

## II.     PCRA Court Error

As to the Defendant's claims of error by this Court, the Defendant raises these issues for the first time on appeal. Therefore, the Defendant's first issue, that the Court

erred by allowing PCRA counsel to withdraw, is waived. <u>Commonwealth v. Henkel</u>, 90 A.3d 16, 20 (Pa. Super. 2014).

However, even if the Defendant had raised this issue during the PCRA hearing, this issue would be without merit, regardless. "[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief." <u>Commonwealth v. Wrecks</u>, 931 A.2d 717, 721 (Pa. Super. 2007).

In this case, Attorney Spang (Defendant's PCRA counsel), filed a detailed no-merit letter that satisfied the requirements of Turner/Finley. The Court was satisfied with the legal reasoning for Attorney Spang's request to withdraw, and therefore, granted his request. However, as per this Court's detailed opinion, it did conduct its own review of the merits of the case, and ultimately did not find any claims to be meritorious.

## Conclusion

In conclusion, the Defendant's claims of ineffective assistance of counsel all fail both parts of the two-part <u>Strickland</u> test for ineffective assistance of counsel. This Court finds that Attorney Rapa was not ineffective when representing the Defendant in this case. Additionally, this court did not err in failing to allow PCRA counsel to withdraw from the case. Therefore, the Court properly denied the Defendant's Petition for Post Conviction Collateral Relief.

DATE: 3/4/2020  INITIALS: *AMC*

I/O: DA

E-MAIL:

PERSONAL:

REGULAR MAIL: ~~Deft~~ - SCI Greene - NE4577

OTHER: